Ely *v.* Lyons.

---

## ELY *vs.* LYONS.

An *order to hold to bail* a defendant in an action of *assumpsit,* who is a *resident of this state,* is a nullity, and the defendant will be discharged on motion, on endorsing his appearance ; it is not necessary in such case to present the motion by way of appeal.
An *appeal* denied, is no bar to a motion for discharge.
A *non-resident* may be arrested, without an order to hold to bail.

MOTION to *discharge from arrest.* The defendant was arrested on a *capias* and held to bail in the sum of $1500, in an action of *assumpsit,* under an order [645] to hold to bail, made by the *recorder of New-York,* on the ground that the defendant was not a resident of this state, but was a resident of the state of *Indiana.*

*A. Taber,* on affidavits of the defendant and two others, moved that the defendant be discharged from bail on endorsing his appearance on the *capias.*

*S. Stevens,* besides reading affidavits in opposition, objected, 1. that the same motion was made and denied on the 8th instant, and leave had not been obtained to renew the motion, (12 *Wendell,* 290 ;) 2. that this should have been an appeal from the order of the recorder to hold to bail, and not a direct motion to discharge.

*By the Court,* BRONSON, J. This is not a renewal of the motion made on the 8th instant. That was a motion to set aside the order of the recorder. It was regarded as an *appeal* from the order, and the motion was denied on the ground

that the defendant had not presented the papers which were before the recorder. The merits were not considered.

The second objection involves the inquiry whether the recorder had authority to make the order to hold to bail. If he had, the proper course was for the defendant to apply to the officer to discharge or vacate the order, and in the event of his refusal, the matter should then be brought before the court by way of appeal, and be heard on the same papers that were before the commissioner But if the recorder had no power to make the order, the defendant is right in making a direct motion to the court to be discharged from the arrest.

Before the passing of the act to abolish imprisonment for debt, (*Laws of* 1831, *p.* 396,) all persons might be held to bail in the action of *assumpsit*, without any order for that purpose. The first and second sections of that act only exempt from imprisonment persons who are residents of this state, and not those who reside abroad. If the defendant was in truth a resident of *Indiana* at the time, no order to hold to bail was necessary. He was subject to arrest in [646] the same manner as though the act had not been passed. But if he was a resident of this state, and had been so for at least one month previous to the commencement of the suit, the statute expressly exempts him from arrest or imprisonment; and no judge or commissioner could make a valid order to hold him to bail. Where the plaintiff proceeds on the ground that the defendant is a non-resident, the law has not authorized any public officer to order the arrest, and the party must act at his peril.

On the affidavits presented, there can be no doubt that the defendant at the time of the arrest was, and for several years immediately preceding it had been, a resident of this state. As the order to hold to bail was nugatory, it is only necessary to order the bail bond to be delivered up and cancelled, on the defendant's entering his appearance.                                      Motion granted.